K. G. STAPLES *vs.* EDWARDS & McCULLOCH LUMBER CO.

Argued Nov. 13, 1893.   Affirmed Dec. 28, 1893.

No. 8388.

**Parol evidence received on a point not covered by the written agreement between the parties.**

The plaintiff entered into an agreement with defendants to saw into lumber, at his mill, logs furnished by them. The lumber was to be handled and disposed of on joint account, chiefly by the defendants, who were large dealers in lumber. The contract was silent as to the prices at which the lumber delivered and disposed of at several different lumber yards, owned in whole or in part by them, should be accounted for,

—whether at wholesale or retail. *Held,* that it was competent to prove by parol what was the understanding of the parties as to the basis of their accounting, as adopted by them in the course of the business, and as shown by their conduct and acquiescence.

Appeal by plaintiff, K. G. Staples, from a judgment of the District Court of Ramsey County, *Charles E. Otis,* J., entered March 8, 1893.

Plaintiff owned a sawmill at South Range ten miles from West Superior, Wis. On December 6, 1887, he entered into a written contract with defendant, the Edwards & McCulloch Lumber Company, a corporation, whereby it agreed to buy logs for stocking his mill during that winter and he was to saw them into lumber. The lumber was to be sold and from the proceeds the cost of the logs and the expenses of sawing, loading and selling the lumber were to be deducted. From the balance the Lumber Company were to have twenty five cents per thousand feet. The residue of the profits was to be equally divided between the two parties. Staples was to make no charge for his personal services, or for the use of his sawmill or for improvements he might make upon it, but was to charge all actual labor and expense bills. The Lumber Company was not to charge any interest or for any labor done by it or for bookkeeping; but traveling expenses, taxes, and commissions paid to others for selling the lumber, were to be charged. Nothing was said in the contract as to prices or when or where the lumber was to be sold, or whether it was to be sold at wholesale or retail. The Lumber Company owned and operated lumber yards at West Superior, Wis., Wahpeton and Sterling, N. Dak., and was a stockholder in several other corporations engaged at various places in selling lumber at retail.

The plaintiff under this contract sawed 10,675,597 feet of lumber. For the purchase of logs and material and expenses of the business the defendant paid $126,802.98 of which $58,318.22 was paid to plaintiff and used mostly in paying for labor and other expenses at the mill. The principal part of the lumber manufactured was shipped by rail to, and sold at retail in, the yards owned by defendant or in which it was interested.

Plaintiff by this action sought an accounting and settlement of the business and judgment for such sum as should be found due him. He claimed that defendant should account for the lumber sent to

v.56m.—2

its retail yards at the net price realized for it at retail, after paying the expenses of selling.    Defendant claimed that this lumber should be charged to it at the wholesale market price of lumber at West Superior, less freight from the mill to that point.    It claimed that there was an oral understanding between the parties at the time, that it should be charged only wholesale prices.

The issues were referred to and tried before Henry L. Williams, Referee.    He received evidence of the parol understanding as to the price, and charged defendant in the account with the wholesale price.    He found that defendant received from the enterprise in cash and lumber $134,713.65.    That the net profit was $14,390.27 to be divided equally between the parties.    That plaintiff had received $6,479.60 thereon and was entitled to judgment for the balance, $715.54, and interest, $67.39.    Judgment was entered for this sum with costs and disbursements taxed at $556.45.    The plaintiff was dissatisfied with the amount and appealed.

*C. D. & Thos. D. O'Brien,* for appellant.

The error complained of is the finding that the parties agreed by parol to adopt the price at which the defendant claimed it could purchase lumber in the market as the value, as between these parties, of the lumber manufactured.    Evidence of such parol contract was incompetent.    It tended to vary the terms of the written contract.

The failure of the defendant to account to the plaintiff, the mixing by it of the partnership with other like property belonging to it, the confusion into which the defendant threw the disposition of this property, are all its own acts made for its own benefit.    In such case the law charges it with the highest market price.    *Gage* v. *Parmelee,* 87 Ill. 329; *Nelson* v. *Hayner,* 66 Ill. 487; *Phillips* v. *Reeder,* 18 N. J. Eq., 95.

*A. C. Hickman,* for respondent.

The parties to a written contract may change it by subsequent oral agreement, and such new contract may be established by parol proof.    *Hewitt* v. *Brown,* 21 Minn. 163.    Especially is this true where, as in this case, the parol agreement has been executed.    *Siebert* v. *Leonard,* 17 Minn. 433; *McClay* v. *Gluck,* 41 Minn. 193.

Parties to a written agreement may make and prove a contemporaneous parol agreement on a point not embraced in the writing. *Keough* v. *McNitt,* 6 Minn. 513; *Domestic Sewing Machine Co.* v. *Anderson,* 23 Minn. 57; *Jordan* v. *White,* 20 Minn. 91; *Beyerstedt* v. *Winona Mill Co.,* 49 Minn. 1; *Seitz* v. *Brewer's R. M. Co.,* 141 U. S. 510; *American B. & L. Assoc.* v. *Dahl,* 54 Minn. 355; *Phoenix Publishing Co.* v. *Riverside Clothing Co.,* 54 Minn. 205.

VANDERBURGH, J.  The parties to this action entered into an agreement on the 6th day of December, 1887, under which the defendant was to purchase and furnish logs to be manufactured into lumber by plaintiff, at his sawmill, for the winter of 1887 and of 1888. The lumber was to be manufactured and sold on joint account, the defendant to advance the necessary amount of money for manufacturing the same, the title to the lumber and sales to be in its name, and the profits to be divided as follows: The defendant was, in the first instance, entitled to twenty five cents per 1,000, the balance to be equally divided between the plaintiff and defendant.

Under this contract the plaintiff sawed, and delivered to the defendant, upwards of 10,000,000 feet of lumber, which the referee who tried the case finds was disposed of as follows: A small quantity was sold at plaintiff's mill by plaintiff. The remainder was turned over to the defendant, and sent to the yards mentioned below. This is an action for an accounting of the proceeds of the business, of which plaintiff claims there is still a large sum due him. At the time the contract was made, the defendant was a large dealer in lumber. It owned several lumber yards, and was part owner or interested in a number of other yards, situated at different places in Wisconsin, Minnesota, Dakota, and Nebraska, at which lumber was purchased at wholesale prices. The lumber manufactured under the contract was in part sold to third parties, but the greater part of it was sent to the lumber yards owned by the defendant, or in which it was interested, and the bulk of it has been finally disposed of at those yards, in the usual course of business, at the current retail prices. The defendant charged itself in account with the market price of the lumber so appropriated, at wholesale, which the referee adopted as the rule by which the parties are to be governed in the final accounting. The written contract is silent in respect to the basis of the account-

ing between the parties, that is to say, whether it should be at the wholesale or retail prices of the lumber. But the referee finds that there was a parol agreement or understanding between the parties to this effect: that the lumber so turned over to defendant, and disposed of at its yard, should be taken and accounted for by defendant at the same price for which lumber of the same character could be purchased in the market of other persons.

The referee also finds that the defendant accordingly charged itself with the wholesale market price and value of the lumber sent by either party to the contract to the several yards above referred to. It was competent to prove such agreement by parol, because it related to a matter not covered by the written agreement, which does not, on its face, appear to include the whole agreement between the parties; and if the agreement was in fact so understood, construed, acted on, and carried out by the parties, it must be taken as the rule ingrafted on the contract by the parties in respect to the basis of the accounting. Such agreement may be established by the conduct and acquiescence of the parties, as shown by their dealings and course of business. The District Court found it to be supported by the evidence, on the motion for a new trial, and that fact cannot be questioned upon the record before us. When it is conceded that the evidence sustains the findings of the referee, it leaves but little for the appellate court to consider.

Judgment affirmed.

(Opinion published 57 N. W. Rep. 220.)